UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil No.  07-116-B-W |
| J.K. WRIGHT, INC. AND | ) |
| J. KENTON WRIGHT, | ) |
| | ) |
| Defendants | ) |

### RECOMMENDED DECISION ON MOTION TO DISMISS

The United States has filed an action against J.K. Wright, Inc. and J. Kenton Wright, the successor-in-interest to that corporation, seeking unreimbursed response costs under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA).  The defendants operated J.K. Chevrolet in Pittsfield Maine from 1972 through 2005, and generated waste oil, at least three shipments of which were shipped to a storage and recycling facility known as "Hows Corner Superfund Site."  J. Kenton Wright, proceeding pro se, had filed a letter motion arguing that the complaint should be dismissed because the recently enacted "Maine Clean Up Assistance Act" makes the action unnecessary.

With regards to this action as it pertains to J.K. Wright, Inc., the motion to dismiss is a nullity as corporations cannot enter pro se appearances and cannot be represented by individuals not licensed as an attorney.  See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel.") (citing Osborn v. President of Bank of

United States, 9 Wheat. 738, 829 (1824)).  I further caution that the corporate defendant must file an answer through a licensed attorney or risk entry of default judgment.

With regards to J. Kenton Wright, who can proceed pro se, the motion to dismiss must be denied.  As the United States explains in its response to the motion to dismiss:

> The Defendants seek to avoid liability based on a Maine statute which, if certain prerequisites are met, may assist certain categories of Potentially Responsible Parties ("PRPs") with payment obligations for cleanup of the Hows Corner Site. In June, 2007 the Maine Legislature passed, and the Governor signed, an "Act to Assist in the Cleanup of Waste Motor Oil Disposal Sites" including the Hows Corner Superfund Site that is the subject of this litigation. Me. Stat. Tit. 10 § 963 et seq., 2006, as amended by Public Law Ch. 464. For certain categories of PRPs the state will reimburse the PRP for payment of costs they incur provided a PRP is obligated to make a payment to the United States or the State of Maine pursuant to final negotiated settlements (Title 963-A, sub-§ 47-C).
> Neither J. K. Wright, Inc., nor J. Kenton Wright claim to have entered into any settlements pertaining to the Site with the United States, the State of Maine or other PRPs, or made any payments pursuant to such settlements. As noted, the Maine Cleanup Assistance Act does not provide for payment of response costs directly to the United States, and it is therefore not relevant to the Untied States' claims in the action and the determination of the Defendants' liability to the United States.

(Opp'n Mot. Dismiss at 3-4.)  No more need be added to this assessment.

Accordingly, I recommend that the court deny the letter motion to dismiss (Docket No. 3.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

   Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

November  29, 2007.

                /s/Margaret J. Kravchuk
                U.S. Magistrate Judge