UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 7-116-B-W |
| | ) |
| J.K. WRIGHT, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

J. Kenton Wright, one of the named defendants in this action, filed a pro se motion on March 3, 2008, asking for the following relief: (1) that this court allow J.K. Wright, Inc., a corporate entity, to appear in this court represented by a non-attorney; and (2) that this court enter a "consent decree" in this case similar to decrees he says have been entered in other cases. (Docket No. 24). The plaintiff has not directly responded to either motion, but did file a motion for the entry of default as to J. K. Wright, Inc. and J. Kenton Wright on March 20, 2008. (Docket No. 26). I now **deny** both of the requests made by Wright in Docket No. 24.

It should be apparent that a "consent decree" cannot be entered in this court because the United States of America has not consented to the entry of any such order. While Wright may believe that in other cases the plaintiff has done so, this court cannot force either the plaintiff or the defendant to consent to the entry of a particular order. Any consent decree could only come about if plaintiff and defendant jointly filed a proposed decree and this court, after review, adopted that decree as a binding judgment of this court.

As for his request that I allow him to appear on behalf of the corporate entity, the law has long been established, as I explained in my earlier recommended decision, that a corporation

cannot enter a pro se appearance.  See Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel.") (citing Osborn v. President of Bank of United States, 9 Wheat. 738, 829 (1824)).  The corporate entity has been warned and has failed to appear and answer the complaint.

      Wright's motion is denied in its entirety.

      It is unclear why the United States thinks this court would enter default against J. Kenton Wright except for the fact that he has not filed a formal answer to the complaint.  He did respond to the complaint with a motion to dismiss and when that motion was denied his formal answer became due.  Wright has never filed an answer on his own behalf but he has filed numerous pleadings with this court and I cannot enter default against him as a pro se litigant at this juncture.  However, Wright is now on notice that a formal answer is now due and he must respond to the complaint in the manner required by Rule 8 (b) by **April 15, 2008**, or the pending motion for his default will be granted.  This deadline applies to J. Kenton Wright, individually; as noted above Wright cannot file an answer on behalf of the corporation.

### CERTIFICATE

      Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

April 2, 2008.                                          /s/ Margaret J. Kravchuk
                                                           U.S. Magistrate Judge