UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
BANGOR, MAINE
RECEIVED AND FILED

2008 DEC -9  A 8: 47

BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-116-B-W |
| | ) |
| J.K. WRIGHT, INC., and J. KENTON WRIGHT | ) |
| | ) |
| Defendants. | ) |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| J.K. WRIGHT, INC., and J. KENTON WRIGHT | ) |
| | ) |
| Defendants. | ) |
| | ) |

CONSENT DECREE

TABLE OF CONTENTS

I.      BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.     JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
III.    PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
IV.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
V.      REIMBURSEMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
VI.     FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE . . . . . . . . . . . . 3
VII.    COVENANTS BY PLAINTIFFS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
VIII.   COVENANTS BY SETTLING DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
IX.     EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . . . . . . . . . . . . . . . . . . . . . 6
X.      RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
XI.     NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
XII.    RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
XIII.   INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
XIV.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . . . . . . . . . . . . . . . . 8
XV.     EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
XVI.    SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
XVII.   FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## I. BACKGROUND

A.     The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Hows Corner Superfund Site in Plymouth, Maine ("Site").

B.     The State of Maine ("State") also filed a complaint against the defendants in this Court alleging that the defendants are liable to the State under Section 107 of CERCLA, 42 U.S.C. § 9607, and 38 M.R.S.A. § 1367. The State in its complaint seeks reimbursement of response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Site.

C.     The defendants that have entered into this Consent Decree ("Settling Defendants") do not admit any liability arising out of the transactions or occurrences alleged in the complaints.

D.     The United States, the State and the Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is hereby ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants. Settling Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.     This Consent Decree is binding upon the United States and the State, and upon Settling Defendants and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

## IV. DEFINITIONS

3.     Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

"Effective Date" shall mean the effective date of this Consent Decree as provided in Paragraph 31.

"EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the current rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

"Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States, the State and the Settling Defendants.

"Past Response Costs" shall mean all costs, including but not limited to, direct and indirect costs that EPA or DOJ, on behalf of EPA, has paid (a) at or in connection with the Site through March 31, 2000, plus accrued Interest on all such costs through such date, and (b) in connection with the prosecution of this matter through the Effective Date, plus accrued Interest on all such costs through the Effective Date.

"Plaintiffs" shall mean the United States and the State.

"Section" shall mean a portion of this Consent Decree identified by a roman numeral.

"Settling Defendants" shall mean J.K. Wright, Inc. and J.Kenton Wright.

"Site" shall mean the Hows Corner Superfund Site, encompassing approximately 17 acres and all areas where contamination has come to be located. The Site is bounded to the south by Sawyer Road, residential properties to the east and west, and by a wooded lot to the north in Plymouth, Maine. The Site is depicted more clearly on the map included in Appendix A.

"State" shall mean the State of Maine.

"State Past Response Costs" shall mean all costs, including but not limited to, direct and indirect costs that the State has paid (a) at or in connection with the Site through May 31, 2000,

2

plus accrued Interest on all such costs through such date, and (b) in connection with the prosecution of this matter through the Effective Date, plus accrued Interest on all such costs through the Effective Date.

"United States" shall mean the United States of America, including its departments, agencies and instrumentalities, which includes, but is not limited to, EPA and any federal natural resources trustees.

## V. REIMBURSEMENT OF RESPONSE COSTS

4.      Payment of Past Response Costs to the EPA Hazardous Substance Superfund. Within 30 days after the Effective Date of this Consent Decree, Settling Defendants shall pay to the EPA Hazardous Substance Superfund $28,220 in reimbursement of Past Response Costs. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing the USAO File Number, the EPA Region and Site Spill ID Number 01-H2, and DOJ Case Number 90-11-3-1733/8. Payment shall be made in accordance with instructions provided to the Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Maine following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day. Settling Defendants shall send notice to EPA and DOJ that payment has been made in accordance with Paragraph 26 (Notices and Submissions).

5.      Payment of Past Response Costs to the State. Within 30 days after the Effective Date, Settling Defendants shall pay to the State $5,780 in reimbursement of State Past Response Costs. Payment shall be made by cashier's check made payable to "State of Maine Uncontrolled Sites Fund," shall reference "Hows Corner Superfund Site," and shall be sent to the State as provided in Paragraph 26 (Notices and Submissions).

## VI. FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

6.      Interest on Late Payments. In the event that any payment required by Paragraphs 4, 5 or 7 is not received when due, Interest shall accrue on the unpaid balance, from the Effective Date through the date of payment.

7.      Stipulated Penalty.

a.      If any amount payable by Settling Defendants pursuant to Paragraphs 4, 5, or 7 is not paid by the required date, Settling Defendants shall pay to EPA and/or the State, as appropriate, as a stipulated penalty, in addition to the Interest required by Paragraph 6, $250 per violation per day that such payment is late. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA or the State.

b.      All payments to EPA under this Paragraph shall be made by cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be sent to:

> US Environmental Protection Agency
> Superfund Payments
> Cincinnati Finance Center
> PO Box 979076
> St. Louis, MO 63197-9000

All payments shall indicate that the payment is for stipulated penalties and shall reference the name and address of the party making payment, the EPA Region and Site Spill ID Number 01-H2, the USAO File Number, and DOJ Case Number 90-11-3-1733/8. Copies of check(s) paid pursuant to this Paragraph, and any accompanying transmittal letter(s), shall be sent to EPA and DOJ as provided in Paragraph 26 (Notices and Submissions).

        c.      All payments to the State under this Paragraph shall be made by cashier's check made payable to "State of Maine Uncontrolled Sites Fund," shall reference "Hows Corner Superfund Site," and shall be sent to the State as provided in Paragraph 26 (Notices and Submissions).

        d.      Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

      8.      If the United States or the State brings an action to enforce this Consent Decree with respect to Settling Defendants, Settling Defendants shall reimburse the United States and the State for all costs of such action, including but not limited to costs of attorney time.

      9.      Payments made under Paragraphs 6 through 8 shall be in addition to any other remedies or sanctions available to Plaintiffs by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

      10.      Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

## VII. COVENANTS BY PLAINTIFFS

      11.     Covenant by the United States. Except as specifically provided in Paragraph 12 (Reservation of Rights by the United States), the United States covenants not to sue Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. The covenant not to sue shall take effect with respect to Settling Defendants upon receipt by EPA of all payments due from Settling Defendants under this Consent Decree. With respect to Settling Defendants, the covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of its obligations under this Consent Decree. The covenant not to sue extends only to Settling Defendants and does not extend to any other person.

      12.     Reservation of Rights by the United States. The covenant not to sue set forth in Paragraph 11 does not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all other matters, including, but not limited to:

        a.      liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

      b.    liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

      c.    criminal liability;

      d.    liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606; and

      e.    liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs.

    13.    <u>Covenant Not to Sue by the State</u>. Except as specifically provided in Paragraph 14 (Reservation of Rights by the State), the State covenants not to sue Settling Defendants, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and 38 M.R.S.A. § 1367, to recover State Past Response Costs. The covenant not to sue shall take effect with respect to Settling Defendants upon receipt by the State of all payments due from Settling Defendants under this Consent Decree. With respect to Settling Defendants, this covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

    14.    <u>Reservation of Rights by the State</u>. The covenant not to sue set forth in Paragraph 13 does not pertain to any matters other than those expressly specified therein. The State reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all other matters, including, but not limited to:

      a.    liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

      b.    liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

      c.    criminal liability;

      d.    liability for injunctive relief or administrative order enforcement under 38 M.R.S.A. §§ 347-A, 348, 349, 1304(12), 1365, 1367; and

      e.    liability for costs incurred or to be incurred by the State that are not within the definition of State Past Response Costs.

## VIII. Covenants By Settling Defendants

    15.    Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, the State, or any party to the Consent Decrees entered in *U.S., et al. v. Allen's Transfer & Storage, et al.*, Civ. No. 00-249-B-C (D. Maine); *U.S., et al. v. Gerald Pelletier, Inc.*, Civ. No. 05-92-B-W- (D. Maine); or *U.S., et al. v. A & S Motors, Inc. Et al.*, Civ. No. 01-237-B (D. Maine), or their contractors or employees, with respect to Past Response Costs and State Past Response Costs or this Consent Decree, including but not limited to:

      a.    any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

5

b.      any claim arising out of response actions at the Site for which the Past Response Costs or State Past Response Costs were incurred; and

c.      any claim against the United States or the State pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs or State Past Response Costs or any other law.

16.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

17.     Except as provided in Paragraph 18, Settling Defendants agree not to assert any claims and to waive all claims or causes of action that they may have for "matters addressed" in this Consent Decree, including for contribution, against any person where the person's liability to Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site.

18.     The waiver set forth in Paragraph 17 shall not apply with respect to any defense, claim, or cause of action that Settling Defendants may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendants. The waiver set forth in Paragraph 17 shall not apply with respect to insurance carriers.

IX. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

19.     Except as provided in Paragraph 17, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Settling Defendants expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which Settling Defendants may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

20.     The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. For purposes of this Paragraph and Paragraph 17, the "matters addressed" in this Consent Decree are Past Response Costs and State Past Response Costs.

21.     Settling Defendants agree that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, they will notify EPA, DOJ and the State in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendants also agree that, with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree, they will notify EPA, DOJ and the State in writing within ten days of service of the complaint or claim upon them. In addition, Settling Defendants shall notify EPA, DOJ, and the State within ten days of service or receipt of any Motion for Summary Judgment, and within ten days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

22.     In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, recovery of response costs, or other relief relating to the

Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant by Plaintiffs set forth in Section VII.

## X. Retention of Records

23.    Until seven years after the entry of this Consent Decree, Settling Defendants shall preserve and retain all records and documents now in their possession or control, or which come into their possession or control, that relate in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary.

24.    After the conclusion of the document retention period in the preceding paragraph, Settling Defendants shall notify EPA, DOJ and the State at least 90 days prior to the destruction of any such records or documents, and, upon request by EPA, DOJ or the State, Settling Defendants shall deliver any such records or documents to EPA or the State. Settling Defendants may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege, they shall provide Plaintiffs with the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of the author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted. However, no documents, reports, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to Plaintiffs in redacted form to mask the privileged information only. Settling Defendants shall retain all records and documents that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor.

25.    By signing this Consent Decree, Settling Defendants certify individually that, to the best of their knowledge and belief, they have:

a.    conducted a thorough, comprehensive, good faith search for documents, and have fully and accurately disclosed to EPA and the State, all information currently in their possession, or in the possession of their officers, directors, employees, contractors or agents, which relates in any way to the ownership, operation or control of the Site, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, pollutant or contaminant at or in connection with the Site to the extent that any such information has been requested by EPA or the State;

b.    not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to its potential liability regarding the Site, after notification of potential liability or the filing of a suit against Settling Defendants regarding the Site; and

      c.      fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), as well as any and all State requests for information pursuant to 38 M.R.S.A. § 1364(3).

## XI. Notices and Submissions

26.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, the State and Settling Defendants, respectively. Except as provided in the following sentence, notice to Settling Defendants' Authorized Agents as specified on Settling Defendants' signature pages to this Consent Decree shall be effective notice to Settling Defendants.

*As to DOJ:*

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-11-3-1733/8

*As to EPA:*

Terry Connelly
U.S. EPA - New England
Office of Site Remediation and Restoration
1 Congress Street, Suite 1100
Boston, MA 02114-2023

(And for notice of payments only)
EPA Cincinnati Financial Office
26 W. Martin Luther King Drive
Cincinnati, OH 45268

*As to the State:*

David Wright
Division Director
Maine Department of Environmental Protection
Bureau of Remediation and Waste Management
Division of Remediation
17 State House Station
Augusta, ME 04333-0017

## XII. Retention of Jurisdiction

27.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIII. Integration/Appendices

28.    This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in

this Consent Decree. The following appendix is attached to and incorporated into this Consent Decree: "Appendix A" is the map of the Site.

## XIV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

29.     This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

30.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XV. EFFECTIVE DATE

31.     The effective date of this Consent Decree shall be the earlier of the date upon which this Consent Decree is entered by the Court or the date upon which the Order granting the Motion to Enter the Consent Decree is entered by the Court, as recorded on the Court docket.

## XVI. SIGNATORIES/SERVICE

32.     The undersigned representative of Settling Defendants, and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, and the Assistant Attorney General for the State of Maine certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

33.     Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

34.     Settling Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of Settling Defendants with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVII. FINAL JUDGMENT

35.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS _9th_ DAY OF _December_, 20 _08_.


_/s/John A. Woodcock, Jr._

United States District Judge

10

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States and State of Maine v. J.K. Wright, Inc., and J. Kenton Wright,* relating to the Hows Corner Superfund Site.

FOR THE UNITED STATES OF AMERICA:

10-9-08
Date

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

10-10-08
Date

MARY REED, Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

PAULA D. SILSBY
United States Attorney
District of Maine

/s/

Date

DAVID COLLINS
Assistant United States Attorney
District of Maine
99 Franklin Street, 2nd Floor
Bangor, ME 04401

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States and State of Maine v. J.K. Wright, Inc., and J. Kenton Wright,* relating to the Hows Corner Superfund Site.

FOR THE U.S. ENVIRONMENTAL
PROTECTION AGENCY:

8/18/08
—————
Date

ROBERT W. VARNEY
Regional Administrator
U.S. Environmental Protection Agency
Region 1 – New England
One Congress Street, Suite 1100 (RAA)
Boston, MA  02114-2023

8-13-08
—————
Date

RONALD A. GONZALEZ
Senior Enforcement Counsel
U.S. Environmental Protection Agency
Region 1 –  New England
One Congress Street, Suite 1100 (SES)
Boston, MA  02114-2023

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States and State of Maine v. J.K. Wright, Inc., and J. Kenton Wright,* relating to the Hows Corner Superfund Site.

FOR THE STATE OF MAINE:

10/10/08
Date

MARY SAUER
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States and State of Maine v. J.K. Wright, Inc., and J. Kenton Wright,* relating to the Hows Corner Superfund Site.

FOR J.K WRIGHT, INC. AND J. KENTON WRIGHT
INDIVIDUALLY:

7-17-08

J. KENTON WRIGHT
President of J. K. Wright, Inc.,
and in his Individual Capacity
404 Wellington Court
Venice FL 34292

Agents Authorized to Accept Notices on Behalf of Above-signed Parties after three years after Effective Date:

Edmund J. Bearor, Esq.
Rudman & Winchell
P.O. Box 1401
Bangor, ME 04402-1401

J. Kenton Wright
404 Wellington Court
Venice FL 34292



Appendix A

LEGEND

Figure 3-1
Property Parcels Map and
Water Main Route Map
Hows Corner Site
Plymouth, Maine

WOODARDGURRIAN.